Aida T. Rhodes, Respondent, *v.* The Sperry and Hutchinson Company, Appellant.

1. Power of Legislature.  In the absence of constitutional restriction the legislature has power to declare that a particular act is unlawful, where the right established or recognized is sought to be protected on an ethical basis.  The right of the legislature to define and declare new offenses, except in so far as it is restrained by constitutional provision, is unlimited.

2. Chapter 132, Laws of 1903, Is Constitutional.  The act to prevent the use of the name or picture of any person, without the written consent of the person, does not violate either the State or Federal Constitution.  It deprives persons of neither liberty nor property without due process of law, nor does it impair the obligation of contracts.

3. Scope of the Act.  Unless a contrary intention clearly appears a law operates only in the future and upon future transactions.  The act in question is wholly prospective in its operation and does not apply to pictures acquired previous to its passage and is, therefore, valid in all its parts.

*Rhodes* v. *Sperry & Hutchinson Co.*, 120 App. Div. 467, affirmed.

(Argued October 13, 1908; decided October 23, 1908.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 5, 1907, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term enjoining the defendant from using pictures or photographs of the plaintiff for purposes of trade or advertising and award-

ing damages to the plaintiff for injuries sustained by reason of such use of her portrait.

The action was brought under the second section of chapter 132 of the Laws of 1903. That statute reads as follows :

" An Act to prevent the unauthorized use of the name or picture of any person for the purposes of trade (Passed April 6, 1903).

" Section 1. A person, firm or corporation that uses for advertising purposes, or for purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person, or, if a minor, of his or her parent or guardian, is guilty of a misdemeanor.

" Section 2. Any person whose name, portrait or picture is used within this State for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the Supreme Court of this State against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof ; and may also sue and recover damages for any injuries sustained by reason of such use, and if the defendant shall have knowingly used such person's name, portrait, or picture in such manner as is forbidden or declared to be unlawful by this act, the jury, in its discretion, may award exemplary damages.

" Section 3. This act shall take effect September 1st, 1903."

Upon the trial of the action at Special Term the court made the following findings of fact :

" I. That the defendant is a foreign corporation organized under the Laws of the State of New Jersey.

" II. That the defendant is engaged in the business of issuing and redeeming trading stamps and at the time this action was begun, and for some time prior thereto, the defendant occupied the premises Numbers 152 to 154 West Twenty-third Street, Borough of Manhattan, The City of New York, and used the same as an office for the exhibition of premiums obtainable upon the surrender of trading stamps issued by the defendant.

"III. That the defendant at the time when this action was begun, and for some time prior thereto, was using, exhibiting and displaying in said office of the defendant, pictures or photographs of the plaintiff in different poses, as premium exhibits and for the purpose of advertising the benefits conferred on the holders of trading stamps issued by defendant and to acquire a larger trade and custom by such use, exhibition and display.

"IV. That the plaintiff has never consented in writing or otherwise to the use, exhibition or display of her picture or photograph.

"V. That the plaintiff has suffered damages by the defendant's use of her picture or photograph as above set forth."

Upon these findings of fact an interlocutory judgment was rendered enjoining the defendant from using the plaintiff's pictures or photographs for purposes of trade or advertising and directing an assessment of her damages at a Trial Term, where she obtained a verdict of $1,000. The final judgment entered upon this verdict has been unanimously affirmed by the Appellate Division.

*John Hall Jones* for appellant. The statute is unconstitutional, because it requires prior and written consent. (*Fisher Co.* v. *Woods,* 187 N. Y. 90; *Foster* v. *Scott,* 137 N. Y. 577; *Dexter* v. *Boston,* 176 Mass. 251; *Minneapolis Brewing Co.* v. *McGillivray,* 104 Fed. Rep. 258; *Prescott* v. *Hull,* 17 Johns. 284; 1 Pars. on Cont. [9th ed.] 249; *Van Wyck* v. *Horowitz,* 39 Hun, 237; *Marcus Ward & Co.* v. *Ward,* 15 N. Y. Supp. 913; *Grossman* v. *Caminez,* 79 App. Div. 15.) The statute is unconstitutional because it takes property without due process of law and unreasonably interferes with the liberty secured by the Constitution. (*Roberson* v. *R. F. B. Co.,* 171 N. Y. 538; *Allgeyer* v. *Louisiana,* 165 U. S. 578; *Lochner* v. *New York,* 198 U. S. 45; *Foster* v. *Scott,* 136 N. Y. 577; *Colon* v. *Lisk,* 153 N. Y. 188; *Atkinson* v. *Doherty,* 121 Mich. 372; *State* v. *Robira,* 42 La. Ann. 1098;

*A. M. & B. Co.* v. *E. Mfg. Co.,* 137 Fed. Rep. 262; *B. G. L. Co.* v. *Sarony,* 111 U. S. 53.)

*Learned Hand* and *Harold B. Elgar* for James McCreery & Co., intervening. The act deprives persons of their liberty without due process of law in respect of its operation after its passage. (*Allgeyer* v. *Louisiana,* 165 U. S. 589; *Fisher Co.* v. *Wood,* 187 N. Y. 90; *People ex rel. Tyroler* v. *Warden,* 157 N. Y. 116; *People* v. *Jacobs,* 98 N. Y. 106; *People* v. *Gillson,* 109 N. Y. 389; *Murray* v. *H. L. & I. Co.,* 18 How. Pr. 272; *Plessy* v. *Ferguson,* 163 U. S. 550; *St. L. & S. F. Ry. Co.* v. *Matthews,* 165 U. S. 1; *G., etc., R. R. Co.* v. *Ellis,* 165 U. S. 150.) The statute deprives persons of property without due process of law because it applies indifferently to pictures made before and after the act. (*Wynehamer* v. *People,* 13 N. Y. 378; *Matter of Townsend,* 39 N. Y. 371; *People* v. *O. C. R. Co.,* 175 N. Y. 84; *People* v. *Van de Carr,* 177 N. Y. 425; *People* v. *Gillson,* 109 N. Y. 400.) The statute impairs the obligation of contracts and is void under the Federal Constitution. (*People* v. *O. C. R. Co.,* 175 N. Y. 84.)

*Thomas E. O'Brien* for respondent. Chapter 132 of the Laws of 1903 is a constitutional exercise of the police power. (*Roberson* v. *R. F. B. Co.,* 171 N. Y. 538.)

*Melville Henry Cane* for Helen Wyatt, intervening. The statute is constitutional. (*People* v. *Cannon,* 139 N. Y. 32; *Roberson* v. *R. F. B. Co.,* 171 N. Y. 538; *Klug* v. *Sheriff's,* 109 N. W. Rep. 656.) The statute is not retroactive. (*People ex rel.* v. *Miller,* 179 N. Y. 227; *N. Y. & O. M. R. R. Co.* v. *Van Horn,* 87 N. Y. 473.) The statute is a valid exercise of the police power. (*People ex rel. Armstrong* v. *Warden, etc.,* 183 N. Y. 223; *Schnaier* v. *N. H. & I. Co.,* 182 N. Y. 83; *Wright* v. *Hart,* 182 N. Y. 330.)

WILLARD BARTLETT, J. In the case of *Roberson* v. *Rochester Folding Box Co.* (171 N. Y. 538) this court deter-

mined that in the absence of any statute on the subject the
right of privacy as a legal doctrine enforcible in equity did
not exist in this state so as to enable a woman to prevent the
use of her portrait by others for advertising purposes without
her consent.   In the prevailing opinion in that case, however,
Chief Judge PARKER suggested that the right of privacy to
that extent might properly be protected by an act of the legis-
lature, saying: " The legislative body could very well inter-
fere and arbitrarily provide that no one should be permitted
for his own selfish purpose to use the picture or the name of
another for advertising purposes without his consent."

Chapter 132 of the Laws of 1903 was passed at the very
next session of the legislature after this judicial utterance was
made public and there can be little doubt that its enactment
was prompted by the suggestion which I have quoted.   We
are now asked to reverse the judgment in this action based on
that statute on the ground that its enactment was not a valid
exercise of the power of the legislature under the Constitution
of the state of New York and on the further ground that it
is violative of the Constitution of the United States.

It is contended that the act in question violates the State
Constitution: (1) Because it deprives persons of liberty
without due process of law ; and (2) Because it deprives per-
sons of property without due process of law.   It is contended
that it violates the Federal Constitution because it impairs the
obligation of contracts.

As to the first objection, it is to be observed that the stat-
ute does not deny the right of any person to make such use of
his own portrait as he may see fit.   The legislature has not
undertaken to restrict his liberty in this respect to any extent
whatever.   It is only the use of his name or picture by others
and by others for particular purposes that is affected by the
statute.   Unless we are bound to assume that there is an
inherent right in the public at large to use the names and
portraits of others for advertising or trade purposes without
their consent, the legislative restriction of their liberty
imposed by this act is not an exercise of power which affords

the basis of any valid objection in a court of justice. The statute merely recognizes and enforces the right of a person to control the use of his name or portrait by others so far as advertising or trade purposes are concerned. This right of control in the person whose name or picture is sought to be used for such purposes is not limited by the statute. The requirement of his written consent in order to effectuate a valid transfer of the privilege of thus using his name or portrait is not any more liable to constitutional objection than the requirement of the Statute of Frauds that an executory contract for the sale of personal property exceeding $50 in price must be made in writing in order to be enforcible.

The power of the legislature in the absence of any constitutional restriction to declare that a particular act shall constitute a crime or be actionable as a tort cannot be questioned, where the right established or recognized and sought to be protected is based upon an ethical sanction. Such is the character of the right of privacy preserved by legislation protecting persons against the unauthorized use of their names or portraits in the form of advertisements or trade notices. It is a recognition by the law-making power of the very general sentiment which prevailed throughout the community against permitting advertisers to promote the sale of their wares by this method, regardless of the wishes of the persons thereby affected. There was a natural and widespread feeling that such use of their names and portraits in the absence of consent was indefensible in morals and ought to be prevented by law. Hence the enactment of this statute.

It is not a valid objection to the act of 1903 that it creates a right of action and imposes a liability unknown to the common law. "There is no such limit to legislative power. The legislature may alter or repeal the common law. It may create new offenses, enlarge the scope of civil remedies and fasten responsibility for injuries upon persons against whom the common law gives no remedy." (*Bertholf* v. *O'Reilly,* 74 N. Y. 509, 524.) Nor can the statute be deemed unconstitutional because it converts what has heretofore been an innocent act into a

criminal offense.  " The power of the legislature to define and declare public offenses is unlimited, except in so far as it is restrained by constitutional provisions and guaranties." (*People* v. *West*, 106 N. Y. 293.)   The Civil Damage Act of 1873 was held to be constitutional by this court, notwithstanding the fact that it created a cause of action previously non-existent; and so far as I know no one has ever questioned the validity of chapter 219 of the Laws of 1871, which provides that an action may be maintained by a female to recover damages for words spoken imputing unchastity to her, without the necessity of proving special damage, although no such action was maintainable prior to the enactment of that statute. But much the most notable instance of the legislative creation of a right of action non-existent at common law is the statute giving a cause of action to the personal representatives of a decedent for wrongfully causing his death.   No such right existed under the common law or in England until the middle of the last century.   Laws of this character now exist in every state of the Union.   The aggregate of the recoveries under these statutes must be enormous; yet their constitutionality has never been challenged.

While it appears to be conceded by counsel for the appellant that the legislature may declare any act to be a private tort which it may declare to be a public offense, the requirement of a written consent to authorize the use of one's name or portrait by others for advertising or trade purposes is denounced as an interference with personal liberty " without due process of law."   I am unable to see that this requirement is any more objectionable than was that in the statute under consideration in the case of *People* v. *Cannon* (139 N. Y. 32), commonly known as the Bottling Act.   That statute declared it to be unlawful for any person to fill with beverages or medicine any marked bottle without the written consent of the person or corporation whose mark or device had been placed upon the bottle, and it was construed to be constitutional in all respects.   It would not be difficult to refer to many examples of legislation in which the right to a civil

remedy was made dependent upon the absence of consent in behalf of the party claiming to be injured. Thus, the copyright laws of the United States prescribe the forfeiture of a book published in violation thereof, and permit a civil action for damages only where the publication of the copyrighted work is made " without the consent of the proprietor of the copyright first obtained in writing signed in the presence of two or more witnesses." (Rev. Statutes of the United States, sec. 4964.)

The second objection presented for our consideration is that the statute in question is unconstitutional because it applies indifferently to pictures made before and after the enactment, and hence deprives third persons who may own such pictures of their property without due process of law.

In support of this objection it is suggested that a person may have acquired the absolute ownership of a portrait before the act of 1903 was passed — at a time when he had the right to use it for advertising purposes under the decision of this court in *Roberson* v. *Rochester Folding Box Co.* (*supra*). The statute, it is said, deprives him of the right thus to use it any longer and, hence, to that extent by limiting its usable quality deprives him of his property.

A sufficient answer to this argument is that the act is wholly prospective in its operation and, hence, does not apply to previously acquired pictures at all. Upon portraits the ownership of which was in others at the time when the act took effect its provisions are inoperative. Such pictures the owner is still at liberty to use for advertising or trade purposes without being held thereby to have been guilty of a crime or to have committed a tort. His property rights therein are unaffected by the statute. On the other hand, as to pictures whose ownership remained in the person represented at the time when the act took effect or portraits subsequently made, a transfer of ownership no longer conveys the right to use the picture for advertising purposes unless the written consent of the person portrayed shall have been given. The acquisition of such pictures by itself does not carry with it the right to use them for advertising or trade pur-

poses except with the written consent of the person repre-·sented; but the statute in no wise forbids the transfer of the right so to use them, provided that right is conferred by a written consent to that effect. In other words, there is nothing in the act to prevent the transfer of this right by the subject of the picture to another. It merely requires that such transfer shall be evidenced by writing. In this respect the statute is no more subject to criticism than is the act providing for the short form of deeds, which declares what the language of certain covenants therein contained shall import. The parties are still at liberty to use further language either extending or limiting the import given to the words by the statute.

It is argued that the case of *Wynehamer* v. *People* (13 N. Y. 378) prevents us from holding that chapter 132 of the Laws of 1903 was not intended to apply to pictures in existence and owned by others than the person represented when the statute went into effect. I can find no such constraint in the doctrine of that decision. The statute there under consideration was plainly intended to destroy the property rights in all intoxicating liquors in this state, with a few insignificant exceptions, and in that view there was no room to hold that part of the act could be saved as not applicable to such property. Here, however, the purpose of the act of 1903 is obviously to prevent the unauthorized use for advertising· or trade purposes of personal names and of pictures the ownership of which had not been parted with by the persons represented; and it would only be by a forced construction that it could be held to apply to pictures already in existence and owned by others. The act is, therefore, subject to the general rule, that unless a contrary intention clearly appears a law operates only in the future and upon future transactions. There is no occasion for applying the rule which permits a court sometimes to hold that one part of a statute is unconstitutional and another constitutional. We merely refuse to adopt a construction which would make it bad in part. It is wholly prospective in its operation and, therefore, wholly good.

As to the objection under the Federal Constitution that chapter 132 of the Laws of 1903 has the effect of impairing the obligation of contracts, it is sufficient to say that is impossible to imagine how any statute can impair the obligation of contracts not existing at the time of its enactment but to be entered into in the future.

There is considerable discussion in the briefs submitted upon this appeal as to the relative rights of photographers and those who procure their photographs to be taken ; but these matters are immaterial to the real issues presented by this record and we do not deem it necessary to discuss them. Many possible inconveniences are also suggested as liable to occur in consequence of the enforcement of the act of 1903, some of which seem quite fanciful and hardly likely to arise ; but however this may be, they cannot be permitted to affect the disposition of the question before us. In my opinion the statute is in all respects constitutional and the judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, WERNER and HISCOCK, JJ., concur.

Judgment affirmed.