(66 Misc. Rep. 235.)

### ELLIS v. HURST et al.

(Supreme Court, Special Term, New York County. February 28, 1910.)

1. INJUNCTION (§ 2*)—CIVIL RIGHTS—USE OF PERSON'S NAME OR PICTURE.

   Laws 1909, c. 14, now incorporated in Civil Rights Law (Consol. Laws, c. 6) §§ 50, 51, authorizing one to prevent or restrain the use of his name or picture for advertising or trade purposes, is constitutional.

   [Ed. Note.—For other cases, see Injunction, Dec. Dig. § 2.*]

2. INJUNCTION (§ 96*)—PROTECTION OF CIVIL RIGHTS—USE OF PERSON'S NAME OR PICTURE.

   Such statute creates a personal right, not recognized independent of statute.

   [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 167; Dec. Dig. § 96.*]

3. INJUNCTION (§ 96*)—PROTECTION OF CIVIL RIGHTS—ILLEGAL USE OF AUTHOR'S NAME.

   Such statute protects an author against republication under his true name, without his consent, of books which he published under a nom de plume without copyrighting; such use of his name being for a trade purpose.

   [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 167; Dec. Dig. § 96.*]

Action by Edward L. Ellis against Thomas D. Hurst and another. On motion for a temporary injunction. Granted.

Nathan Burkan, for plaintiff.
Andrew Gilhooly, for defendants.

SEABURY, J. This is an application for a temporary injunction to restrain the defendants from publishing, selling, circulating, or dis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

posing of the books known as "The White Mustang" and "In the Apache Country," containing the name of the plaintiff thereon, and from using the plaintiff's name in connection with said books in any manner for advertising purposes or for the purposes of trade. The plaintiff has been a writer of juvenile and historical works for more than 40 years, and his reputation as a writer has been established under his own name. "The White Mustang" and "In the Apache Country" were first published in a periodical called the Argosy, in 1889. They were published under the nom de plume "Lieutenant R. H. Jayne," and were not copyrighted. The name of the plaintiff was in no way used in connection with these publications until the defendants assumed to use the plaintiff's name in this connection. It is admitted that the plaintiff never granted to the defendants the right to use his name. The defendants are book publishers, and have published these books, and have printed upon the back of the covers and upon the front part of the covers the name of the plaintiff. They have also printed the plaintiff's name in the same manner upon the wrappers in which the books are sold. The plaintiff claims no literary property in the stories, and does not seek to restrain their publication, sale, or distribution under the name of "Lieutenant R. H. Jayne." The purpose of this action is to restrain the defendants from using the plaintiff's name in connection with these publications.

The plaintiff concedes that the relief which he now seeks could not have been granted prior to the enactment of chapter 14 of the Laws of 1909, which is now incorporated in sections 50 and 51 of the civil rights law (Consol. Laws, c. 6). This statute authorizes one to prevent or restrain the use of his name or picture by another "for advertising purposes or for the purposes of trade" without the written consent of such person. The statute has been held to be constitutional (Rhodes v. Sperry & Hutchinson, 193 N. Y. 223, 85 N. E. 1097, 127 Am. St. Rep. 945), and creates a personal right, which was not recognized independent of statute (Roberson v. Rochester Folding Box Co., 171 N. Y. 538, 64 N. E. 442, 59 L. R. A. 478, 89 Am. St. Rep. 828). The act of the defendants in printing the plaintiff's name upon the publications referred to was a use of the plaintiff's name for the purpose of trade. It was evidently placed upon the publication by the defendants because, in their opinion, its presence upon these books would facilitate their sale. I do not think that it can be seriously questioned that the plaintiff's name is being used by the defendants for a trade purpose.

The defendants attempt to justify their action in using the plaintiff's name by the claim that the books "The White Mustang" and "In the Apache Country" were dedicated to the public in the absence of a copyright, and that any person has the right to republish them under the true name of the author. The plaintiff does not question the defendant's right to publish the books in the manner in which he dedicated them to the public; but I think that he has the right to the protection of the statute in order to prevent his own name being used in connection with them for trade purposes without his consent. The statute gives him the right to protection against such a use of his name without his consent, and he has done nothing to relinquish or forfeit this right.

It is urged by the defendants that the "Mark Twain" Case (Clemens v. Belford [C. C.] 14 Fed. 728) is conclusive against the plaintiff's claim. In that case the author asserted a right independent of the statute, while in the present case the plaintiff bases his right to the relief which he seeks entirely upon the recently enacted statute. The defendants are engaged in using the plaintiff's name in violation of the statute, and in such a manner as to impair the right which the statute confers upon the plaintiff. In my judgment he is entitled to an injunction which shall restrain such illegal use of his name.

Motion granted. Settle order on notice.