THOMPSON v. TILLFORD et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1912.)

Appeal from Special Term, Dutchess County.

Action by Edward B. Thompson against Charles W. Tillford and another. From an order granting a preliminary injunction restraining defendants from using plaintiff's name in their advertising, defendants appeal. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

W. H. Van Steenbergh, of New York, for appellants.
Morschauser & Mack, of Poughkeepsie, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

JENKS, P. J., and BURR and RICH, JJ., concur. WOODWARD, J., reads for reversal, with whom THOMAS, J., concurs in result, upon the ground that the preliminary injunction should not be granted, inasmuch as the papers show without contradiction that the matter was submitted to the plaintiff, and he consented to it.

WOODWARD, J. (dissenting). The learned court at Special Term has granted plaintiff's motion for an order enjoining the defendants from using the plaintiff's name in their advertisements pending the trial of this action, and the defendants appeal from such order. The order appears to have been granted upon the theory that under the provisions of chapter 132 of the Laws of 1903 (now article 5 of the Civil Rights Law [Consol. Laws 1909, c. 6]) the plaintiff has an absolute right to prohibit the use of his name in connection with any advertising matter, without his consent, and it is admitted upon this motion that the defendants have, in certain handbills, circulars, etc., announced to the public as follows:

"Chas. W. Tillford, Breeder of 'True to Name' Barred Plymouth Rocks, Amenia, Dutchess County, N. Y. George W. Haskin, Manager. For over 10 years with Mr. E. B. Thompson of this town," etc.

Taking into consideration the history of the enactment of chapter 132 of the Laws of 1903 (Rhodes v. Sperry & Hutchinson, 193 N. Y. 223, 226, 85 N. E. 1097, 34 L. R. A. [N. S.] 1143, 127 Am. St. Rep. 945), it might well be doubted whether the Legislature intended to inhibit the use of a name in connection with a simple, undisputed statement of a fact, such as is here made. It is one thing to declare that a certain patent medicine is used and recommended by Clara Morris, or some other person of wide celebrity, or to make use of a portrait of a beautiful woman to attract attention to some article of trade, and quite another thing to say that a man has been in a certain employment for a given number of

years. However, in the view which I take of this case, it is not necessary to determine the legislative intent, for the reason that the plaintiff has not stated facts from which it may be determined that the plaintiff is entitled to the relief demanded, even though the statute should be held to give him the right to it.

Section 50 of the Civil Rights Law provides that:

"A person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person, or if a minor of his or her parent or guardian, is guilty of a misdemeanor."

And section 51 of the same act provides that:

"Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the Supreme Court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof."

Obviously it is necessary to the statement of a cause of action under this provision of the statute that it should be alleged that the defendants have "used within this state for advertising purposes or for the purposes of trade without the written consent first obtained" of the plaintiff, yet no such allegation appears in the complaint in this action. So far as appears from the complaint, or from any of the affidavits, the defendants may have the written consent of "E. B. Thompson of this town," Amenia, N. Y., or they may have the written consent of the plaintiff himself. The statute is not violated merely by using the name of the plaintiff in the advertisement. It is necessary that this should be done without first having secured the written consent of the plaintiff, and in the absence of such an allegation in the complaint, there is no foundation for the injunction.

It was held in Roberson v. Rochester Folding Box Co., 171 N. Y. 538, 64 N. E. 442, 59 L. R. A. 478, 89 Am. St. Rep. 828, that there was no equitable or common-law remedy against the publication of the portrait of any person where the portrait was not of a libelous character, and that an action would not lie merely for such publication, and the plaintiff in the present action has not alleged anything more than was alleged in that action. There is no allegation in the complaint that "E. B. Thompson of this town" is the plaintiff, Edward B. Thompson, or that Edward B. Thompson or "E. B. Thompson of this town" has not given the defendants the right to make use of the name of "E. B. Thompson of this town" for the purposes of this advertisement; and without this there is nothing to show that any rights of the plaintiff have been violated.

We are not to infer, from the fact of bringing the action, that the plaintiff or "E. B. Thompson of this town" has not given the written consent which the statute requires. The law does not presume that the defendants have committed a crime. It rather presumes that they have not committed a crime, and the mere allegation that they have made use of the name of "E. B. Thompson of

this town," or that they have "used such placards, handbills, etc., extensively throughout the country, printing thereon the name of this plaintiff with a design and intent, as this plaintiff is informed and believes, to obtain the reputation in the line of chicken breeding that this plaintiff has obtained, and to deceive the public," etc., does not amount to an averment that this use of the name was without the written consent of the plaintiff or of the "E. B. Thompson of this town," whoever he may be.

The affidavits, with the exhibits attached thereto, plainly indicate that there is no ground for the injunction upon the ground of fraud upon the public. All that the printed matter sets out is that the defendant George W. Haskin is manager of the defendant Tillford's business, and that he (Haskin) was for more than ten years with "E. B. Thompson of this town," and the learned court at Special Term indicated clearly that this was not sufficient to justify the injunction, but based the order entirely upon the ground that the plaintiff had a right to enjoin the use of his name under the statute.

Assuming this to be so, as I have already pointed out, it was the duty of the plaintiff to set forth sufficient facts to show that the defendants had made use of his name, and that this was done without his written consent. So far as the complaint shows, "E. B. Thompson" may have been Ebenezer B. Thompson, or Ephriam B. Thompson, or any one of a hundred different Thompsons, and any one of these, or the plaintiff himself, may have given the written consent, which, in the absence of allegations to the contrary, supported by proofs, the law will presume to have been done, for it always presumes that no one has committed a crime.

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied.