App. Div.]                    First Department, June, 1927.

JOSEPH L. O'HARA and HELEN JOSEPHINE O'HARA, Appellants, v. MARY A. BOLAND, Respondent.— Motion granted and appeal dismissed, with costs. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

GEORGE A. KING, Appellant, v. GEORGE W. PRATT, Respondent.— Motion granted and appeal dismissed, with costs. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

KANE-CADILLAC COMPANY, Respondent, v. CITY OF BUFFALO and WILLIAM F. SCHWARTZ, as Commissioner of Finance and Accounts of the City of Buffalo, New York, Appellants.—Appeal dismissed, without costs upon the merits upon stipulation filed. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

JENNIE E. D. BRIGGS, Appellant, v. F. ARTHUR ABEL, Respondent.— Motion denied. Present — Hubbs, P. J., Sears, Crouch, Taylor and Sawyer, JJ.

DAVID FREEDLANDER and MICHAEL KUSHIN, Respondents, v. TRANAHAN HOLD-ING CORPORATION and JOHN G. HANSON, Appellants.— Order of dismissal entered May 4, 1927, vacated on stipulation and printed records and briefs ordered ready by September 1, 1927. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

---

## FIRST DEPARTMENT, JUNE, 1927.

STELIOS DOUCAS, Appellant, *v.* LAZARUS MANFRIED and Others, Doing Business under the Firm Name and Style of NATIONAL EXCHANGE COMPANY, Respondents.

*Equity — specific performance of contract for sale of bonds — complaint sufficiently charges inability of plaintiff to obtain bonds in open market — complaint is sufficient.*

Appeal from an order of the Supreme Court, made at the New York Special Term and entered in the New York county clerk's office on March 13, 1925, granting defendants' motion for judgment dismissing the amended complaint under rule 106 of the Rules of Civil Practice upon the ground that said complaint does not state facts sufficient to constitute a cause of action.

PER CURIAM. While the allegations of this complaint may be improbable on the assumption of their truth necessary for the disposition of this appeal, they sufficiently charge the inability of the plaintiff to procure in the open market the bonds which are the subject-matter of the contract sought to be specifically enforced. A cause of action is thus stated. The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the amended complaint denied, with ten dollars costs, with leave to the defendants to answer within twenty days upon payment of said costs. Present — Dowling, P. J., Merrell, Martin, O'Malley and Proskauer, JJ. Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendants to answer within twenty days from service of order upon payment of said costs.