FRANK M. SWACKER, Plaintiff, *v.* WILLIAM HUNTINGTON WRIGHT and Another, Defendants.

Supreme Court, Nassau County, January 25, 1935.

*Thomas Jefferson Ryan,* for the plaintiff.

*Zeiger & Berliner* [*Ephraim Berliner* of counsel], for the defendant Willard Huntington Wright.

*Burlingame, Nourse & Pettit* [*Henry K. Prince* of counsel], for the defendant Charles Scribner's Sons.

STEINBRINK, J. This is a motion to dismiss the complaint as insufficient in law. The complaint is predicated upon section 51 of the Civil Rights Law, which affords a remedy both in equity and at law to " Any person whose name  *  *  *  is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained." The plaintiff, Frank M. Swacker, is an attorney at law who has had an extensive practice, and who during the course of his career has acted as special assistant to the Attorney-General of the United States in the prosecution of

anti-trust cases. He claims that the defendants published certain designated books in which his name is used, although his consent to such use for the purpose of trade or for any other purpose was never given. It appears that the name " Frank Swacker " is used in a book entitled " The Benson Murder Case " to depict the secretary to the district attorney, a minor character in the book. The name " Frank Swacker " appears only in the cast of characters. In the text, the surname " Swacker " alone is used. The other books designated mention only the name " Swacker " wherever the character of the secretary appears. The complaint also alleges that the plaintiff was never a secretary in any district attorney's office. Section 51 of the Civil Rights Law provides a remedy that did not exist at common law. (*Roberson* v. *Rochester Folding Box Co.*, 171 N. Y. 538.) To invoke the benefits of the statute, strict compliance therewith must be shown. (*Porter* v. *American Tobacco Co.*, 140 App. Div. 871.) The plaintiff must plead that his name is being used without his consent for advertising purposes or for purposes of trade. The mere use of the plaintiff's surname and Christian name with his middle initial omitted without any other identifying feature cannot be held a sufficient basis for relief under the statute. Apart from the use of the name " Swacker," there is not a single parallel between the plaintiff and the character depicted in the books. No person familiar with the plaintiff could possibly infer from a reading of the books that the secretary to the district attorney was intended to portray the plaintiff, or that the plaintiff's name was being used for some commercial purpose. The statute was enacted to protect the privacy of persons, not to redress imagined wrongs or to subject authors and publishers to hazards against which it is well-nigh impossible to guard.

The motion is granted.