SOLLY KRIEGER, Plaintiff, *v.* POPULAR PUBLICATIONS, INC., and BEN PETER FREEMAN, Defendants.

Supreme Court, Special Term, New York County, March 1, 1938.

*Teiger & Teiger* [*Milton L. Teiger* and *Sidney Golden* of counsel], for the plaintiff.

*Swiger, King & Chambers* [*Edwin J. Harragan* of counsel], for the defendant Popular Publications, Inc.

ROSENMAN, J.  This is a motion by the defendant Popular Publications, Inc., to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action against it.

There are two causes of action alleged in the complaint. The first is directed against defendant Freeman; the second against the moving defendant. On this motion, therefore, only the latter cause of action is involved.

It is alleged therein, in substance, that the plaintiff is a professional boxer and prizefighter whose skill is recognized throughout this country; that he has " achieved prominence and fame and an outstanding reputation " in his profession, which has been greatly enhanced and exploited by the plaintiff, himself; that the moving defendant is a publisher of various magazines which are distributed throughout the United States, one of which is entitled *Sports Novels Magazine;* that the defendant Freeman composed a story dealing with boxing and prizefighting entitled " Deuces for the Duke," in which appears " the name ' Solly Krieger ' as a character of prominence connected therewith, and that the said story contains and uses the names, ' Solly ' and ' Solly Krieger ' in upwards of 100 instances." This story is alleged to have been purchased from the defendant Freeman by the moving defendant, who thereupon published it in its above-named magazine in the issue of October-November, 1937, " on pages 58 to 77, inclusive;" and the magazine, with the story and names of " Solly " and " Solly Krieger " contained therein was sold and distributed throughout the United States. For the reason that the moving defendant, " without first having obtained the written consent of the plaintiff, knowingly used the name of the plaintiff within the State of New York, for the purposes of trade and for advertising purposes " and " has exploited the plaintiff's name, personality and reputation," the plaintiff demands damages.

The plaintiff contends that the moving defendant has violated plaintiff's right of privacy under sections 50 and 51 of the Civil Rights Law. The moving defendant maintains that there is no violation, since the name used was not intended to refer to the plaintiff and, since the name was not used for purposes of trade or for advertising purposes, as prohibited by said statutes.

The complaint merely refers to the story, stating specifically where it can be found. The issue of the magazine in which the story was published was handed up to the court upon the argument of the motion. But nowhere in the complaint is the story itself set forth or incorporated by reference so as to be made a part of it. It is well settled that " on a motion of this character where the sufficiency of a pleading is involved, we may not have recourse to matters wholly outside of the pleading, not incorporated or made a part thereof." (*Sinclair* v. *Positype Corporation of America*, 237 App. Div. 525, 528.) The motion may not be based on matters dehors the complaint; the pleading must stand or fall upon the allegations contained in it. Consequently the story itself cannot be read in connection with the determination of this motion in order to determine whether the name " Solly Krieger " was intended to refer to the plaintiff or might reasonably be so interpreted by a reader, or whether the story character " Solly Krieger " is " subordinate," or whether " he does not engage personally in professional boxing in the story as the plaintiff claims in real life," or whether he " is given the most sympathetic treatment possible," as claimed by the moving defendant in support of this motion.

The defendant's contention that the " Solly Krieger " mentioned in the story was merely a coincidence in the use of names and was not intended to apply to this plaintiff or could not reasonably be understood by the general reader to be meant to apply to this plaintiff, cannot be determined on this motion.

On the other hand, " Liberal construction is to be given to the complaint " (*Stark* v. *Howe Sound Co., Inc.*, 148 Misc. 686; affd., 241 App. Div. 637), and " ' every intendment and fair inference is in favor of the pleading.' (*Madole* v. *Gavin*, 215 App. Div. 299; *Marie* v. *Garrison*, 83 N. Y. 14, 23.) If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied." (*Dyer* v. *Broadway Central Bank*, 252 N. Y. 430, 432, 433.) The allegations of the complaint will be deemed true for the purposes of this motion (*Baumann* v. *Baumann*, 222 App. Div. 460), and although the allegations may be improbable, if they properly set up a cause of action, the motion will be denied. (*Doucas* v. *Manfried*, 220 App. Div. 811.) The test is not whether the plaintiff eventually will be successful (*Moore* v. *Bonbright & Co., Inc.*, 202 App. Div. 281), but whether the complaint states a cause of action which requires an answer.

While, perhaps, it might have been better pleading for the plaintiff to have alleged that the name " Solly Krieger " was intended by the defendant to apply to this plaintiff, or that it might reasonably have been so understood by the general reading public, I

believe that the allegation of paragraph " sixteenth " that the defendant " has exploited the plaintiff's name, personality and reputation " is sufficient, taken in conjunction with the rest of the complaint, as an allegation that the character in the story " Solly Krieger " was intended to be this plaintiff.

Sections 50 and 51 of the Civil Rights Law were enacted to eradicate the evils caused when " the right of privacy " of an individual was invaded by the use of his name or photograph in connection with the advertisements. Since its enactment, judicial pronouncement as to its applicability has always, of necessity, been confined to the individual case before the court, because of the different facts in each. Some uses of the name or picture of the plaintiff have been sanctioned or condoned, while others have been held violative of the statute.

Mr. Justice SHIENTAG, in a learned opinion, has collated and commented upon the categories into which the cases fall. (*Lahiri* v. *Daily Mirror, Inc.*, 162 Misc. 776.)

It has been held, for example, that the use of plaintiff's name and picture in connection with the dissemination of news or the depicting of current events is a legitimate use thereof under the statute (*Humiston* v. *Universal Film Mfg. Co.*, 189 App. Div. 467), but not where there has been a dramatization of an actual event, using the name and likeness of a person who played an important role therein. (*Binns* v. *Vitagraph Co.*, 210 N. Y. 51.)

In the present case there is nothing indicated that the story attacked describes a current event or is of such general news interest or imparts such information as to come within the allowable area of the statute. On the contrary, it may be reasonably inferred from the complaint (paragraph " seventh ") that it is fiction. As such, it would come within that class of cases in which a recovery may be had. (*Lahiri* v. *Daily Mirror, Inc.*, *supra*, p. 782.)

It is true that with respect to fiction, recovery has been denied, where in a novel of almost 400 pages, the name of the plaintiff was used but once (*Damron* v. *Doubleday, Doran Co., Inc.*, 133 Misc. 302; affd., 226 App. Div. 796); and in a case where the full name of the plaintiff (with the middle initial omitted) appeared " only in the cast of characters " of a book of usual length without any parallels " between the plaintiff and the character depicted in the book." (*Swacker* v. *Wright*, 154 Misc. 822.)

Here, however, the complaint alleges that the plaintiff's name was used for a " character of prominence " and that the name appears " in upwards of 100 instances " (paragraph " eighth ") and that the defendant " has exploited the plaintiff's name and personality " (paragraph " sixteenth ") in a story covering but twenty pages (paragraph " fourteenth ").

The defendant may, upon the trial, be able to prove that the claims of the plaintiff, as alleged in the complaint, are unfounded; if so, it will be entitled to judgment. On this motion, however, this court cannot delve into the probabilities of proof; it is confined strictly to the allegations of the complaint. The complaint is susceptible of the interpretation that a good cause of action is stated. Therefore, this motion is denied. The defendant may serve its answer within ten days after service of a copy of this order with notice of entry thereof.