FRANK CARMINE, Respondent, *v.* TERENCE MURPHY and DENNIS McMORROW, Individually and as Copartners, Doing Business under the Firm Name and Style of MURPHY AND McMORROW, Defendants, Impleaded with TERENCE MURPHY, Individually and as a Copartner in the Firm of MURPHY AND McMORROW, Appellant.

First Department, December 13, 1940.

*Irving Rader* of counsel [*Sidney I. Sicker,* attorney], for the appellant.

*Harry M. Alfert* of counsel [*Anthony Valenti,* attorney], for the respondent.

GLENNON, J.   The plaintiff instituted this action to recover the sum of approximately $6,400 representing the balance due for alcoholic beverages which were sold to the defendant.   The latter contends that the complaint is insufficient because of the failure of the plaintiff to allege that he had a license to sell alcoholic beverages between the dates set forth in the complaint.

We find nothing in the Alcoholic Beverage Control Law which prohibits plaintiff from recovering the amount of money which defendant is alleged to owe by virtue of the fact that plaintiff sold to the defendant the alcoholic beverages.   It is true that plaintiff did not have a license.   It is true that the act provides that a person who violates the statute is guilty of a misdemeanor and subject to fine and imprisonment.   Nevertheless, the act does not provide that a person who sells and delivers alcoholic beverages to another

is deprived of his right to recover the agreed price and reasonable value of the merchandise.

The situation here presented is analogous to that which was before the court in *Rosasco Creameries, Inc.,* v. *Cohen* (276 N. Y. 274). It was held in that case that an individual milk dealer would have the right to recover for the value of his merchandise even though he had not complied with the provisions of section 257 of the Agriculture and Markets Law. There, Judge FINCH, in writing the unanimous opinion of the court, said: " We have here a statute which provides that milk dealers shall not sell milk unless duly licensed. The statute imposes penalties for its violation by way of fine and imprisonment, but it does not expressly provide that contracts made by milk dealers shall be unenforcible. Nothing in this statute reveals an implied intent to deprive unlicensed dealers of the right to recover the reasonable value of the milk sold by them, and where the wrong committed by the violation of the statute is merely *malum prohibitum,* and does not endanger health or morals, such additional punishment should not be imposed unless the legislative intent is expressed or appears by clear implication."

The reasoning expressed in that case should apply with equal force to the controversy here under consideration.

The order should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., UNTERMYER and COHN, JJ., concur; CALLAHAN, J., dissents and votes to reverse the order and grant the motion on the ground that the Alcoholic Beverage Control Law is a statute to regulate public health and morals (Alcoholic Beverage Control Law, § 2), and, therefore, a contract of sale in violation of its provisions by an unlicensed dealer is illegal and unenforcible by a suit to collect the price of the liquors.

Order affirmed, with twenty dollars costs and disbursements.