**NEBB et ux. v. BELL SYNDICATE, Inc., et al.**

District Court, S. D. New York.

Dec. 3, 1941.

Webster & Garside, of New York City (Henry Cassorte Smith, of New York City, of counsel), for plaintiffs.

Christian S. Lorentzen, of New York City, for defendants Bell Syndicate, Inc., and another.

GODDARD, District Judge.

This is a motion by the defendants to dismiss the complaint upon the ground that it fails to state a claim against the defendants upon which relief can be granted.

The plaintiffs are husband and wife who are residents of Georgia. The defendants consist of a news syndicate, a newspaper publisher, both residents of New York, and a cartoonist, a resident of Chicago.

The complaint alleges that defendants have continuously since January, 1941, used the plaintiffs' names in the State of New York "for the purposes of trade" in a comic strip called "The Nebbs" in which a "Mr. and Mrs. Rudy Nebb" are leading characters, without the written consent of the plaintiffs, contrary to Sections 50 and 51 of the Civil Rights Law of the State of New York. The complaint demands $10,000 damages and that defendants be enjoined from using the names for the purposes of trade.

"§ 50. Right of privacy.—A person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person, or if a minor of his or her parent or guardian, is guilty of a misdemeanor."

"§ 51. Action for injunction and for damages. Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such person's name, portrait or picture in such manner as is forbidden or declared to be unlawful by the last section, the jury, in its discretion, may award exemplary damages." Consolidated Laws of New York Chapter 6, Chapter 132 Laws 1903.

There is no allegation in the complaint that the names or drawings used by the defendants did or were intended to refer to the plaintiffs.

Sections 50 and 51 of the Civil Rights Law of New York are to be reasonably construed.

I do not believe that it was the intent of the Legislature as expressed in Sections 50 and 51 to prohibit, for example, John Jones from using his own name "for advertising purposes" or for "purposes of trade", nor in the event he did so, to give

every man of like name a cause of action against him; that would be depriving him of an inherent and well recognized right. There must be something more than this to constitute a violation. There must be an intent to capitalize another's name and identity or acts which tend to produce that result. The clear intent of the statute and its purposes is to prevent such a violation of another's right of privacy. Cf. Rhodes v. Sperry & Hutchinson Co., 193 N.Y. 223, 85 N.E. 1097, 34 L.R.A.,N.S., 1143, 127 Am.St.Rep. 945.

That Judge Rosenman so construes the statute is apparent in his opinion in Krieger v. Popular Publications, Inc., 167 Misc. 5, at page 7, 3 N.Y.S.2d 480, at page 483, for he says: "While, perhaps, it might have been better pleading for the plaintiff to have alleged that the name 'Solly Krieger' was intended by the defendant to apply to this plaintiff, or that it might reasonably have been so understood by the general reading public, I believe that the allegation of paragraph 'Sixteenth' * * * is sufficient, taken in conjunction with the rest of the complaint, as an allegation that * * * 'Solly Krieger' was intended to be this plaintiff".

Such is Judge Steinbrink's construction of the statute, for he says in Swacker v. Wright, 154 Misc. 822, at page 823, 277 N.Y.S. 296, at page 298: "The mere use of the plaintiff's surname and christian name with his middle initial omitted without any other identifying feature cannot be held a sufficient basis for relief under the statute".

I take it that the words "his name" in the statute apply to the use of a name coupled with circumstances tending to refer to the plaintiff and not to a mere similarity of names. Neither the use of another's name, which has acquired an unique significance or secondary meaning in a certain field, nor the trading upon the reputation of another, is involved here.

Apparently the defendants, who publish a comic strip in a newspaper in Tarrytown, New York, happened to describe one of their obviously fictitious characters as "Rudy Nebb" with no intention of referring to the Rudy Nebbs of Georgia, whom the defendants had never before heard of.

I am of the opinion that the complaint does not set forth a cause of action against the defendants.

The motion to dismiss the complaint is granted. Settle order on notice.