Jacob Markowitz, J.
Plaintiff Howard R. Hughes proves for summary judgment against all the defendants. He also moves for a protective order vacating the notice served by defendant People Pants to take his deposition upon-oral examination. Defendants Choppy Productions, Inc. and Flame Enterprises move to dismiss the complaint of plaintiff Rosemont Enterprises, Inc. The three motions are consolidated for purposes of disposition and will be passed on seriatim. In a combined complaint, each plaintiff alleges a cause of actiop. in his own behalf.
Plaintiff Hughes’ cause of action is for a permanent injunction under section 51 of the Civil Rights Law. He seeks no money damages, except for the costs and attorneys ’ fees incurred in the prosecution of the action.
Plaintiff Hughes alleges that defendants manufactured, distributed or sold without his consent T-shirts, sweatshirts or other items bearing his name, purported signature or likeness. In their answer, defendants Choppy Productions, Inc. and Flame Enterprises, Inc. admit that they were not authorized by anyone named Howard Hughes to use his name or likeness but 4eny that their manner of using the name and the likeness used' by them violated section 50 of the Civil Rights Law. They also .allege a counterclaim for damages, based on the Conception by them of the idea of marketing T-shirts, sweatshirts and buttons offering comical and satirical comment on “ one Howard Hughes ” and the acts of plaintiffs’ lawyers in forwarding letters to defendants ’ customers and prospective customers that this activity was illegal and an infringement of plaintiffs’ rights and threatening to sue anyone participating in the activity.
Defendant People Pants, after what is basically a general denial, alleged in its answer that plaintiff Hughes may be dead or may lack the capacity to bring the action and that defendant’s action is protected by the First Amendment to the United States Constitution and section 8 of article I of the New York Constitution; and defendant Bikini Boutique, Ltd. pleaded only a generá.1 denial. As noted below, the case has been settled as to these defendants.
*1005 Plaintiff Hughes moved for a temporary injunction. Defendants Choppy Productions, Inc. and Flame Enterprises, Inc. cross-moved to dismiss his complaint. Their argument that plaintiff Hughes was not alive or had not authorized the action was found not compelling and was overruled; as was their contention that their activity was constitutionally protected. To the contrary, this court held that plaintiff Hughes’ claim fell, prima facie, within the scope of sections 50 and 51 of the Civil Bights Law, it denied the cross motion, and it granted him preliminary relief. The order was affirmed by the Appellate Division (39 A D 2d 844).
The affidavit in opposition to the present motion for summary judgment submitted by defendant Flame Enterprises, Inc. is made by its counsel. Factually it adds nothing; intrinsically it amounts to a memorandum of law raising unsubstantiated possibilities woefully lacking in the character of proof called for by CPLB 3212 to sustain a defense.
An affidavit by an attorney has no probative value and will not defeat a motion for summary judgment (V. A. W. of Amer. v. General Elec. Co., 38 A D 2d 989; D’Aquila Bros. Contr. Co. v. H. R. H. Constr. Corp., 35 A D 2d 815; South Bay Center v. Butler, Herrick & Marshall, 43 Misc 2d 269).
The affidavits of Choppy Productions, Inc. attached to its motion to dismiss the Bosemont Enterprises, Inc. cause of action (also submitted in opposition to plaintiff Hughes’ motion for summary judgment) do not alter the picture. To the contrary, they support plaintiff Hughes’ position, for in the affidavit of the Choppy Productions’ president, he states that Flame Enterprises, Inc. and. Choppy Productions, Inc. entered “ into a joint venture to manufacture and sell buttons bearing puns on the name of and public events concerning or purportedly involving the billionaire recluse, Howard B. Hughes. The joint venture also manufactured and distributed T-shirts and sweatshirts bearing an image of 1 the ’ Howard Hughes and making comical or satirical comments about him.” With these admissions these defendants confirm their violation of plaintiff Hughes’ rights under the Civil Bights Law.
I find no validity in their argument that the violation is prótected by the constitutional right of free speech. The authorities they cite do not bear them out in the type of situation presently before the court; and this court, affirmed by the Appellate Division, has heretofore held to the contrary.
Plaintiff is presumed to be alive (Rodak v. Fury, 31 A D 2d 816). On the proof submitted in his behalf in support of the motion he is entitled to a permanent injunction (see Gautier v. *1006 Pro-Football, Inc., 304 N. Y. 354, 359-360) with an assessment of damages to the extent that he seeks reimbursement for attorneys ’ fees and disbursements, and the counterclaim will be dismissed.
The motion for a protective, order has become moot. The case has been settled and discontinued against the two retailers, defendants People Pants and Bikini Boutique, Ltd. That motion is accordingly denied as academic.
The motion by defendants Flame Enterprises, Inc. and Choppy Productions, Inc., to dismiss ..the Bosemont Enterprises, Inc. cause of action under CPLR 3211 (subd. [a], pars. 3, 5, 7) is denied. The moving papers totally fail to demonstrate either that Bosemont had no legal capacity to sue (subd. [a], par. 3), or that the action may not be maintained because of any of the defenses listed in paragraph 5 of subdivision (a), or that its complaint fails to state a cause of action (sub. [a], par. 7; see Metropolitan Opera Assn. v. Wagner-Nichols Recorder Corp., 199 Misc. 786, affd. 279 App. Div. 632).
The factual issues raised by the parties preclude summary disposition of this cause of action (CPLR 3211, subd. [c]).