**ANABAS EXPORT LTD., Plaintiff,**

v.

**ALPER INDUSTRIES INC., Defendant.**

**84 Civ. 6186 (MP).**

United States District Court,
S.D. New York.

March 11, 1985.

**1276**

Hertzog, Calamari & Gleason by William Simon, New York City, for plaintiff.

Martin Fishman, New York City, for defendant.

## DECISION AND OPINION

MILTON POLLACK, Senior District Judge.

Defendant, Alper Industries, Inc. ("Alper"), moves for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on the ground that the contract sued on is unenforceable because it violates New York Civil Rights Law (N.Y.C.R.L.) § 50. Anabas has cross-moved for a declaration that the contract is legal and enforceable. For the reasons set forth below, defendant's motion will be granted and plaintiff's motion will be denied.

Anabas sold and delivered stickers, which feature the portrait of Michael Jackson, to Alper for resale and distribution by Alper in the course of trade. Anabas sues to recover the agreed price therefor. Alper, under a license agreement with Anabas, also manufactured similar stickers for purposes of trade, and Anabas claims the royalties provided under the agreement from Alper.

■ Michael Jackson's written permission to feature his portrait on the stickers was not obtained by Anabas; relying on N.Y.C.R.L. § 50, which makes use of the portrait without permission for purposes of trade a misdemeanor, Alper claims that the sale and license agreement are void and unenforceable. Under that statute,

"[a] person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person ... is guilty of a misdemeanor."

It is unlawful for a person to sell items portraying the picture of a person without his consent. *See Rosemont Enterprises, Inc. v. Choppy Productions, Inc.*, 74 Misc.2d 1003, 347 N.Y.S.2d 83 (N.Y.Sup.Ct. 1972). The unlawfulness of the sale and license agreement are manifest since defendant's affidavit states, and plaintiff has not disputed, that Michael Jackson never gave his written consent for the use of his portrait on the stickers.

■ Generally, a court will not enforce a contract to commit an unlawful act. "[A] party to an illegal contract cannot ask a court of law to help him carry out his illegal object, nor can such a person plead or prove in any court a case in which he, as a basis for his claim, must show his illegal purpose." *Stone v. Freeman*, 298 N.Y. 268, 274, 82 N.E.2d 571 (1948). Specifically, a court will not enforce a contract to commit a tort. *See Attridge v. Pembroke*,

235 A.D. 101, 256 N.Y.S. 257 (1932); 14 *Williston on Contracts* § 1628, p. 3 (3d ed. 1972); Restatement (Second) of Contracts § 192; 17 Am.Jur.2d *Contracts* § 182 (1964); 77 C.J.S. *Sales* § 194 (1952).

Under a narrow exception, courts will enforce some contracts made in violation of revenue and licensing statutes. In *Rosasco Creameries, Inc. v. Cohen,* 276 N.Y. 274, 11 N.E.2d 908 (1937), the court permitted a milk dealer to recover the price of milk sold to defendant, even though the dealer had failed to register in violation of a statute. The court said,

> "Nothing in this statute reveals an implied intent to deprive unlicensed dealers of their right to recover the reasonable value of the milk sold by them, and where the wrong committed is *malum prohibitum,* and does not endanger health or morals, such additional punishment should not be imposed unless the legislative intent is expressed or appears by clear indication."

*Rosasco,* 276 N.Y. at 280, 11 N.E.2d 908.

The *Rosasco* exception has no applicability to this case, for it is limited primarily to revenue and licensing statutes. *See East Coast Moving & Storage, Inc. v. Flappin,* 78 Misc.2d 140, 355 N.Y.S.2d 525, 531 (N.Y. Civ.Ct.1974). *See also* Restatement (Second) of Contracts § 181.

■ N.Y.C.R.L. § 50, unlike a mere revenue or licensing statute, was enacted to protect the moral sensibilities of the community. Section 50 was

> "a recognition by the law-making power of the very general sentiment which prevailed throughout the community against permitting advertisers to promote the sale of their wares by this method, regardless of the wishes of the persons thereby affected. There was a natural and widespread feeling that such use of their names and portraits in the absence of consent was indefensible in morals and ought to be prevented by law."

*Rhodes v. Sperry & Hutchinson Co.,* 193 N.Y. 223, 85 N.E. 1097 (N.Y.1908), *aff'd,* 220 U.S. 502, 31 S.Ct. 490, 55 L.Ed. 561 (1911). *See also Flores v. Mosler Safe Co.,* 7 N.Y.2d 276, 280, 196 N.Y.S.2d 975, 164 N.E.2d 853 (1959). *See generally* Hofstadler & Horowitz, *The Right of Privacy,* pp. 28–32 (1964).

Moreover, as the text of the statute explicitly states, Section 50, was enacted to prohibit the commercial exploitation of the "use ... for the purposes of trade, ... [of] the portrait of any living person without having first obtained the written consent of such person." N.Y.C.R.L. § 50. This is a "clear indication" that the legislative intent was to "stop the merchandising in channels of normal trade of a portrait of a person who occupies a position in which there is a monetary value by publicizing same." *Kline v. Robert M. McBride & Co.,* 170 Misc. 974, 11 N.Y.S.2d 674, 682 (N.Y.Sup. Ct.1939).

This case is similar to *Carmine v. Murphy,* 285 N.Y. 413, 415, 35 N.E.2d 19 (1941), where the Court of Appeals refused to permit a seller to recover the price of liquor sold because the seller was not licensed to sell alcohol, in violation of a statute. The lower court permitted recovery on the ground that the statute did not expressly declare contracts made in violation of the licensing statute unlawful. *See Carmine v. Murphy,* 261 A.D. 17, 23 N.Y.S.2d 723 (1940). However, the Court of Appeals reversed and denied recovery, saying, "We think it can hardly be presumed that transactions so punctiliously forbidden were to be accompanied by no consequence other than penal discipline." *Carmine v. Murphy,* 285 N.Y. 413, 415, 35 N.E.2d 19 (1941).[1]

---

1. Plaintiff suggests that *Alexandre v. Westchester Newspapers, Inc.,* 169 Misc. 398, 9 N.Y.S.2d 744 (N.Y.Civ.Ct.1938), is applicable here. In *Alexandre,* the court permitted a photographer to recover the price of pictures sold to defendant, a newspaper, in the absence of the written consent of the subject of the picture. However, the court found that a writing had been waived and that since the photographer had the subject's oral consent the sale was enforceable. The subject had clearly manifested his consent and the court said that he was "at liberty to waive the statutory requirement of [his] written consent." *Alexandre,* 9 N.Y.S.2d at 748.

Plaintiff's remaining arguments in opposition to summary judgment are unpersuasive. Plaintiff asserts that the contract is enforceable because, on its face, it does not violate a statute, and the parties did not intend to engage in an unlawful act. However, if a contract "is opposed to the interests of the public, the agreement is void, even though in the particular case the intent of the parties may have been good ..." *In re Dunbar's Will,* 189 Misc. 687, 71 N.Y.S.2d 287, 292 (N.Y.Surr.Ct.1947), *quoting, Sampliner v. Motion Picture Patents Co.,* 255 F. 242, 251 (2d Cir.1918).

■ Likewise, it is unnecessary for the words of the contract to disclose the illegality, as long as the contract is "closely connected with an unlawful action." *Contemporary Mission, Inc. v. Bonded Mailings, Inc.,* 671 F.2d 81, 83 (2d Cir.1982). *See also McConnell v. Commonwealth Pictures Corp.,* 7 N.Y.2d 465, 471, 199 N.Y. S.2d 483, 166 N.E.2d 494 (1960). Such a connection is evident here, since the subject matter of the contract was the sale of Michael Jackson stickers issued without his consent, which was an illegal objective.

Finally plaintiff suggests that New York law was not violated by the sales contract since title to the goods passed to defendant at John F. Kennedy Airport, before they passed through customs and into New York. However, the goods were to be delivered to Jamaica, New York after they cleared customs, the defendant's principal place of business is in Mount Vernon, New York, and the resale and distribution of the merchandise obviously would be in or from New York. Consequently, the sale will not be enforced in New York "if it is repugnant to positive statutory enactment and the public policy of that state ..." *Lynch v. Bailey,* 275 A.D. 527, 90 N.Y.S.2d 359, 366 (1949), *aff'd,* 300 N.Y. 615, 90 N.E.2d 484. *Cf. Rutkin v. Reinfeld,* 229 F.2d 248, 255 (2d Cir.1956). The royalty obligation is in the same posture; it is not enforceable since the merchandise was for use in trade without the written consent of Michael Jackson.

The cases hold that "[w]here the parties' arrangement is illegal the law will not extend its aid to either of the parties or listen to their complaints against each other, but will leave them where their own acts have placed them." *United Calendar Mfg. Corp. v. Huang,* 94 A.D.2d 176, 463 N.Y. S.2d 497, 500 (1983).

The defendant's motion for summary judgment is granted, plaintiff's cross-motion is denied, and the complaint is dismissed in all respects.

SO ORDERED.