## SPERRY AND HUTCHINSON COMPANY v. RHODES.

### ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 128.    Argued April 19, 20, 1911, for plaintiff in error.    The court declined to hear further argument.—Decided May 1, 1911.

The Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between rights of an earlier and later time.

In a statute relating to the use of photographs, the fact that it applies only to those taken after the enactment does not render it unconstitutional as denying the equal protection of the law because it does not relate to those taken prior to such enactment.

Where property is not brought into existence until after a statute is passed, the owner is not deprived of his property without due process of law on account of limitations thereon imposed by such statute.

The Court of Appeals of that State having construed the statute of New York of 1903 limiting the use of photographs of persons to photographs taken after the statute went into effect, the statute is not unconstitutional as denying one owning photographs taken thereafter of his property without due process of law, or as denying equal protection of the law.

Judgment entered on authority of 193 N. Y. 223, affirmed.

THE facts are stated in the opinion.

*Mr. John Hall Jones* for plaintiff in error:

As to the law in New York before the enactment, see *Roberson* v. *Rochester Folding Box Co.,* 171 N. Y. 538, holding there was no right at common law to prevent a company from distributing flour bags upon which was a lithograph picture of the plaintiff.

Under that decision no person in New York has any property right in his own features, nor in the photographs of them, and any person could take a photograph of another and use it as he chose; and see *Atkinson* v. *Doherty,* 121 Michigan, 372.

The statute in this case was enacted soon after Chief Judge Parker's decision in the *Roberson case.* It must be noted that this statute does not in terms affect the property right of a photographer in his work. It merely says that one who uses the photograph of a living person for purposes of trade or advertising without that person's prior written consent is guilty of a crime. In other words, the statute restricts and limits the property right in such a way as to destroy much of the value of the photograph.

It is an unnecessary deprivation of property; nor can the law be defended or the rule of "Sic utere tuo ut alienum non laedas," for the "other" has no legal right which you are bound to respect. The law takes no account of "that liberty of action which is necessary in the conduct of modern business affairs in a great city," *Grossman* v. *Caminez,* 79 App. Div. N. Y. 15, but makes even the oral use of a person's name a crime.

The individual must admit certain rights by the public in his name and appearance, and must trust to advancing standards of propriety to prevent annoyance from their exercise. *Forster* v. *Scott,* 136 N. Y. 577, 584.

Unconstitutionality does not depend upon what has been done under a particular statute but what may be done. *Fisher Co.* v. *Woods,* 187 N. Y. 90, 95; *Dexter* v. *Boston,* 176 Massachusetts, 247, 251; *Railroad Cases,* 116 U. S. 307, 331; *Cotting* v. *Kansas City Stockyards Co.,* 183 U. S. 79, 86; *Van Zandt* v. *Waddell,* 2 Yerger, 260, 270; *Livestock Assn.* v. *Crescent City Co.,* 1 Abbott, C. C. 388, 398; *Powell* v. *Pennsylvania,* 127 U. S. 678, 692; *Lawton* v. *Steele,* 152 U. S. 133, 137; *Wright* v. *Hart,* 182 N. Y. 330; *Collins* v. *New Hampshire,* 171 U. S. 30; *Matter of Jacobs,* 98 N. Y. 98; *Wynehamer* v. *People,* 13 N. Y. 378, 398; *St. Louis* v. *Dorr,* 41 S. W. Rep. 1094.

The statute has no reasonable or proper relation to the public health, safety or morals. *Peck* v. *Chicago Sunday Tribune,* 214 U. S. 185. The statute does prevent a per-

son from using his own property in carrying on a lawful business, and unless such prevention is reasonably necessary the act violates the Fourteenth Amendment. *Edison* v. *Lubin,* 122 Fed. Rep. 240; *American Mutoscope Co.* v. *Edison Mfg. Co.,* 137 Fed. Rep. 262.

This statute can only be sustained if it is a valid exercise of the police power of the State. While the limits of this power can never be accurately defined, it is submitted that it extends only to such subjects as promote or guard the public health, the public safety or the public morals. *O'Keefe* v. *Somerville,* 190 Massachusetts, 110; *Young* v. *Commonwealth,* 101 Virginia, 853, 863; *People* v. *Gillson,* 109 N. Y. 389; *People* v. *Zimmerman,* 102 App. Div. 103; *Mugler* v. *Kansas,* 123 U. S. 623, 661; *Lawton* v. *Steele,* 152 U. S. 133; *Toledo Railway Co.* v. *Jacksonville,* 67 Illinois, 37, 40; *State* v. *Loomis,* 115 Missouri, 307, 313; *Ex parte Drexel,* 147 California, 763; *State* v. *Dalton,* 22 R. I. 77, 80; *Fisher* v. *Woods,* 187 N. Y. 90.

For decisions and comments subsequent to the decision of the Court of Appeals of New York in this case, see *Ellis* v. *Hurst,* 121 N. Y. Supp. 438; *S. C.,* N. Y. Law Journal, Dec. 27, 1910; *Eliot* v. *Circle Publishing Co.,* 120 N. Y. Supp. 989; *Cundy* v. *Leverill,* referred to in N. Y. Law Journal, June 10, 1908; *Binns* v. *Vitagraph Co. of America,* 67 Misc. Rep. 327; *Jeffries* v. *N. Y. Evening Journal Publishing Co.,* 124 N. Y. Supp. 780; *Moser* v. *Press Pub. Co.,* 109 N. Y. Supp. 963; *Riddle* v. *McFadden,* 130 App. Div. (N. Y.) 898; *Corelli* v. *Wall,* 22 T. L. R. 532 (Eng. Ch. D., May 10, 1906); *Dockrell* v. *Dougall,* 78 L. T. 840; *Wyatt* v. *James McCreery & Co.,* 126 App. Div. (N. Y.) 650.

The court declined to hear further argument, but *Mr. Thomas E. O'Brien* filed a brief for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought by the defendant in error for

using her photographed portrait for advertising purposes without her written consent first obtained.   The facts were found against the defendant (the plaintiff in error), an injunction was issued and damages were awarded; 120 App. Div. 467; the judgment was affirmed by the Court of Appeals, 193 N. Y. 223, and thereupon final judgment was entered in the Supreme Court.   The suit was based upon Chapter 132 of the New York Statutes of 1903, which makes such use of the name, portrait or picture of any living person a misdemeanor and gives this action. The case comes here on the single question of the constitutionality of the act.   It is argued that as before the statute a person could not prevent the use of her portrait by one who took and owned it, *Roberson* v. *Rochester Folding Box Co.*, 171 N. Y. 538, to deny that use now is to deprive the owner of his property without due process of law.

The Court of Appeals held that the statute applied only to photographs taken after it went into effect, as was the photograph of the plaintiff that the defendant used.   The property was brought into existence under a law that limited the uses to be made of it, and, if otherwise there could have been any question, in such a case there is none. Some comment was made in argument on the distinction between photographs taken before and after the date in 1903 as inconsistent with the Fourteenth Amendment. But the Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time.

*Judgment affirmed.*