23426

The STATE, Respondent v. Robert B. RUSH, Appellant.

(406 S.E. (2d) 355)

Supreme Court

*Reese I. Joye, Jr.,* of *Joye Law Firm,* North Charleston, *for appellant.*

*Attorney General Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. Joseph P. Mizzell, Jr.,* Orangeburg, *for respondent.*

Submitted May 31, 1991.

Decided June 24, 1991.

*Per Curiam:*

Appellant challenges the constitutionality of Act No. 532, § 9, 1988 Acts 4644, which amended S.C. Code Ann. § 56-5-2940. We reject his arguments and affirm.

The amendment challenged in this appeal increased from five (5) to ten (10) years the period of time a prior conviction for driving under the influence (DUI) may be considered for determining whether an offense is a second or subsequent offense. The ten (10) year period is applicable to all DUI offenses committed on or after January 1, 1989, the effective date of the amendment.

Appellant was convicted of DUI in 1983. In the present case, appellant pled guilty to DUI arising out of his operation of a motor vehicle on January 7, 1989. Because this offense occurred after the effective date of the amendment to § 56-5-2940, the judge sentenced appellant for a second offense based on the 1983 DUI.

Appellant argues the amendment violates the *ex post facto* and due process clauses of both the state and federal constitutions. These arguments are without merit. *State v. Edwards,* — S.C. —, 397 S.E. (2d) 88 (1990); *State v. Dabney,* — S.C. —, 391 S.E. (2d) 563, *cert. denied,* — U.S. —, 111 S. Ct. 153, 112 L. Ed. (2d) 119 (1990).

Further, appellant asserts the amendment violates the equal protection clauses of the state and federal constitutions. He argues that because the amendment treats those who committed another DUI after the effective date differently than those who committed DUI before the effective date, it creates two classes of offenders in violation of the equal protection clauses. We disagree.

The logical conclusion of appellant's argument would be that once the Legislature had enacted a statute it could never amend or repeal it without running afoul of the equal protection clauses. Neither the federal nor the state equal protection clauses were intended to have this result. As succinctly stated by the United States Supreme Court, equal protection " 'does not forbid . . . statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time.' " *Califano v. Webster*, 430 U.S. 313, 321, 97 S. Ct. 1192, 1197, 51 L. Ed. (2d) 360, 367 (1977) (quoting *Sperry & Hutchinson v. Rhodes*, 220 U.S. 502, 505, 31 S. Ct. 490, 491, 55 L. Ed. 561, 563 (1911)); *see also, Williams v. Walsh*, 222 U.S. 415, 32 S. Ct. 137, 56 L. Ed. 253 (1912). Accordingly, we hold that equal protection is not offended by treating those who committed DUI offenses prior to the effective date of the amendment differently from those who committed offenses after that date. Appellant's conviction is

Affirmed.