OPINION
In May of 1992, the Richland County Grand Jury indicted Appellant Gregory Nothacker for one count of drug abuse. The indictment had a specification that appellant had previously been convicted of an offense of violence.
On June 24, 1992, appellant entered a guilty plea and the trial court sentenced him to an indeterminate term of eighteen months to five years. The trial court subsequently granted appellant shock probation. However, on October 19, 1992, the trial court revoked his probation and reimposed his previous sentence.
Appellant filed a petition for post-conviction relief in April of 1997, requesting that his sentence be modified pursuant to Senate Bill 2. The trial court overruled appellant's petition finding Senate Bill 2 is not retroactive. Appellant timely filed his notice of appeal, but failed to set forth any assignments of error as required by App.R. 16(A)(3). However, upon review of appellant's brief, we find the only issue raised on appeal concerns the retroactive application of Senate Bill 2.
 I
Appellant's sole argument, on appeal, is that the trial court should have granted his petition for post-conviction relief and re-sentenced him pursuant to Senate Bill 2. We disagree.
Senate Bill 2 became effective July 1, 1996. Said bill specifically provides it is applicable only to crimes committed after June 30, 1996:
 Section 5. The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposed a term of imprisonment for an offense that was committed prior to that date.
R.C. 1.58(B) also provides as follows:
 (B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment of amendment of statute, the penalty, forfeiture, or punishment if not already imposed, shall be imposed according to the statute as amended.
Since the trial court sentenced appellant prior to the effective date of Senate Bill 2, he is not entitled to resentencing. This outcome does not violate petitioner's constitutional rights. In State ex rel. Lemmon v. Ohio AdultParole Auth. (1997), 78 Ohio St.3d 186, 188, the Supreme Court of Ohio held as follows:
 Second, contrary to appellants' contentions on appeal, the refusal of the General Assembly to retroactively apply the differing provisions of Am.Sub.S.B. No. 2 to persons convicted and sentenced before July 1, 1996 did not violate their rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution. `[T]he 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time.' Sperry Hutchinson v. Rhodes (1911), 220 U.S. 502, 31 S.Ct. 490, 491, 55 L.Ed. 561, 563; [citation omitted].
Based upon the above, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P. J., and Reader, J., concur.
 JUDGMENT ENTRY
CASE NO. 97 CA 58
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.