OPINION
On January 22, 1986, the Coshocton County Grand Jury indicted Appellant Dennis Duff for one count of aggravated burglary. This matter proceeded to trial in September of 1987. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant accordingly.
On September 2, 1997, appellant filed a motion for an amendment of sentence. The trial court denied appellant's motion on October 3, 1997. On October 23, 1997, appellant filed a motion to advise and sentence according to the new law effective July 1, 1996. The trial court denied this motion on November 24, 1997.
Appellant filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT DENIED THIS APPELLANT'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION PROTECTED UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AS WELL AS ARTICLE I § 10 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT DENIED APPELLANT'S MOTION TO ADVISE AND SENTENCE ACCORDING TO THE NEW LAW EFFECTIVE JULY 1, 1996, BECAUSE AN AMBIGUITY EXISTS BETWEEN SENATE BILL 2 AND O.R.C. § 1.58(B), AND SUCH AN AMBIGUITY MUST BE CONSTRUED STRICTLY AGAINST THE STATE AND LIBERALLY IN FAVOR OF THE DEFENDANT.
 I
Appellant contends, in his sole assignment of error, that pursuant to Ohio law and the Ohio Constitution, he should be re-sentenced under Senate Bill 2. We disagree.
Various statutes support our conclusion. First, R.C. 1.48
provides that: "A statute is presumed to be prospective in its operation unless made retrospective." Second, R.C. 1.58 provides as follows:
 (A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:
 (1) Affect the prior operation of the statute or any prior action taken thereunder;
 (2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;
 (3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;
 (4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended.
 (B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.
Third, Senate Bill 269, Sentencing Correction Bill, specifically amended Section 5 of Senate Bill 2 to exclude application of R.C. 1.58(B) to the provisions of Senate Bill 2. Section 5 now provides as follows:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of Section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date. The provision of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.
In the case of State ex rel. Lemmon v. Ohio Adult ParoleAuthority (1997), 78 Ohio St.3d 186, the Ohio Supreme Court stated:
 * * * the refusal of the General Assembly to retroactively apply the differing provisions of Am.Sub.S.B. No. 2 to persons convicted and sentenced before July 1, 1996 did not violate their rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution. `The 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time.' Id. at 188, Sperry Hutchinson Co. v. Rhodes
(1911), 220 U.S. 502, 505, 31 S.Ct. 490, 491, 55 L.Ed. 561, 563; State v. Rush (1991), 305 S.C. 113, 115, 406 S.E.2d 355, 356[.]
Finally, we find the case of State v. Rush (July 7, 1997), Stark App. No. 96CA419, unreported, distinguishable from the facts of the case sub judice because appellant was indicted, convicted and sentenced prior to the effective date of Senate Bill 2. However, in Rush, the defendant was convicted prior to the effective date of Senate Bill 2 but sentenced after the effective date of Senate Bill 2. Therefore, our decision in Rush is not applicable to the facts of this case.
For the foregoing reasons, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.