OPINION
Appellant Jason Chester is appealing the decision of the Stark County Court of Common Pleas that denied his petition for postconviction relief filed pursuant to R.C. 2953.21. Appellant's petition challenged two separate criminal prosecutions. The following facts give rise to this case.
In the first criminal prosecution, in 1994, the Stark County Grand Jury indicted appellant for one count of complicity to commit robbery. The indictment alleged the offense occurred on August 5, 1994. Although initially entering a plea of not guilty, appellant subsequently changed his plea and plead guilty as charged in the indictment. In January of 1995, after deferring sentencing, the trial court sentenced appellant to five to fifteen years incarceration.
At the time of appellant's sentencing in the above case, appellant entered a guilty plea to a bill of information which charged him with one count of aggravated robbery with a firearm specification. This offense occurred on December 19, 1994. The trial court accepted appellant's guilty plea and sentenced appellant to an indeterminate term of five to twenty-five years on the aggravated robbery charge with an additional three years of actual incarceration for the firearm specification. The trial court imposed these sentences concurrently with the five to fifteen year sentence imposed for the complicity conviction.
Almost three years after his sentencing in these matters, appellant filed a petition for postconviction relief seeking to have his sentences in the two criminal cases vacated and requesting that he be resentenced under Senate Bill 2. The trial court dismissed appellant's petition for postconviction relief on November 21, 1997. Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT WAS PREJUDICE (SIC) DEPRIVED AND DENIED APPELLANT'S EQUAL TREATMENT/PROTECTION OF THE LAW GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENT (SIC) DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION WHEN IT ERRONEOUSLY DENIED AND DISMISSED A (SIC) APPELLANT'S MOTION TO MODIFY APPELLANT'S SENTENCE PURSUANT TO THE NEW OHIO REVISED CODE § 1.58.
 I
Appellant contends, in his sole assignment of error, the trial court erred when it dismissed his petition for postconviction relief as he was entitled to be resentenced under Senate Bill 2. We disagree. Various statutes support this conclusion. First, R.C. 1.48 provides that: "A statute is presumed to be prospective in its operation unless made retrospective." Second, R.C. 1.58 provides as follows:
 (A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:
 (1) Affect the prior operation of the statute or any prior action taken thereunder;
 (2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;
 (3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;
 (4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended.
 (B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.
Third, Senate Bill 269, Sentencing Correction Bill, specifically amended Section 5 of Senate Bill 2 to exclude application of R.C. 1.58(B) to the provisions of Senate Bill 2. Section 5 now provides as follows:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of Section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date. The provision of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.
Finally, in State ex rel. Lemmon v. Ohio Adult ParoleAuthority (1997), 78 Ohio St.3d 186, 188 the Ohio Supreme Court stated:
 * * * the refusal of the General Assembly to retroactively apply the differing provisions of AmSub.S.B. No. 2 to persons convicted and sentenced before July 1, 1996 did not violate their rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution. `[T]he 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time.' Sperry Hutchinson Co. v. Rhodes (1911), 220 U.S. 502, 505, 31 S.Ct. 490, 491, 55 L.Ed. 561, 563; State v. Rush (1991), 305 S.C. 113, 115, 406 S.E.2d 355, 356 * * *.
Based upon the above statutes and case law, since appellant committed his crimes prior to the effective date of July 1, 1996, the trial court properly denied his petition for post-conviction relief seeking resentencing under Senate Bill 2.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.