OPINION
Appellant Neil Farley is before the Court upon a delayed appeal he filed on July 17, 1997. The following facts give rise to this appeal.
On February 11, 1985, the Knox County Court of Common Pleas convicted appellant of conspiracy and aiding and abetting the commission of an aggravated armed robbery, with a firearm specification. The trial court sentenced appellant to a term of actual incarceration of not less than ten years nor more than twenty-five years for violations of R.C. 2911.01(A)(1) and R.C.2923.03(A)(2). The trial court also ordered appellant to serve an additional three-year term of actual incarceration for a firearm specification to be served consecutively and prior to the previous sentence.
Appellant is now before the Court upon a delayed appeal. Appellant raises the following assignment of error for our review:
 I. THE OHIO GENERAL ASSEMBLY, THROUGH THE ENACTMENT OF SENATE BILL 2, HAS DENIED DEFENDANT/APPELLANT OF THE EQUAL PROTECTION OF THE LAWS AND TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION.
 I
Appellant contends, in his sole assignment of error, that pursuant to Ohio law and the Ohio Constitution, he should be re-sentenced under Senate Bill 2. We disagree.
Various statutes support our conclusion. First, R.C. 1.48
provides that : "A statute is presumed to be prospective in its operation unless made retrospective." Second, R.C. 1.58 provides as follows:
 (A) the reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:
 (1) Affect the prior operation of the statute or any prior action taken thereunder;
 (2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;
 (3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;
 (4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended.
 (B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.
Third, Senate Bill 269, Sentencing Correction Bill, specifically amended Section 5 of Senate Bill 2 to exclude application of R.C. 1.58(B) to the provisions of Senate Bill 2. Section 5 now provides as follows:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of Section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date. The provision of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.
Finally, in the case of State ex rel. Lemmon v. Ohio AdultParole Authority (1997), 78 Ohio St.3d 186, the Ohio Supreme Court stated:
 * * * the refusal of the General Assembly to retroactively apply the differing provisions of Am.Sub.S.B. No. 2 to persons convicted and sentenced before July 1, 1996 did not violate their rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution. `The 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time.' Id. at 188, Sperry Hutchinson Co. v. Rhodes (1911), 220 U.S. 502, 505, 31 S.Ct. 490, 491, 55 L.Ed. 561, 563; State v. Rush
(1991), 305 S.C. 113, 115, 406 S.E.2d 355, 356[.]
For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.