Filed 6/26/13  P. v. Carrillo CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CARLA ROSELE CARRILLO, <br><br> Defendant and Appellant. | D061793 <br><br><br> (Super. Ct. Nos. SCD228708, SCD232998) |

APPEAL from a judgment of the Superior Court of San Diego County, Charles G. Rogers, Judge.  Affirmed.

Lynelle K. Hee, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

On March 15, 2011, Carrillo stole merchandise from several stores in San Diego. She pleaded no contest to one count of second degree burglary and admitted that she

committed the crime while she was released from custody on bond or bail. On January

30, 2012, the court sentenced her under the terms of a negotiated plea agreement. It

awarded her 320 actual credits and 160 conduct credits, for a total of 480 credits. Carrillo

contends the trial court incorrectly calculated her presentence conduct credits under Penal

Code section 4019. (Undesignated statutory references are to the Penal Code.) As we

shall explain, we reject her contention.

DISCUSSION

Section 4019 has been amended a number of times. Historically, the statute

entitled defendants to "one-for-two conduct credits, which is two days for every four days

of actual time served in presentence custody. [Citation.]" (*People v. Rajanayagam*

(2012) 211 Cal.App.4th 42, 48 (*Rajanayagam*).) Operative October 1, 2011, section

4019 was amended to provide a formula of two days' credit for every two days served.

(§ 4019, subd. (f); Stats. 2011, 1st Ex. Sess. 2011–2012, ch. 12, §§ 35, 46; *Rajanayagam*,

*supra*, at p. 49.) The statute provides that the amendments "shall apply prospectively and

shall apply to prisoners who are confined to a county jail . . . for a crime committed on or

after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be

calculated at the rate required by the prior law." (§ 4019, subd. (h).)

Carrillo committed the crime charged on March 15, 2011. She states that the trial

court correctly calculated her presentence conduct credit earned prior to October 1, 2011,

but erred when it used former section 4019 to calculate her conduct credits earned after

October 1, 2011. We disagree.

2

Amended section 4019 expressly applies only to prisoners whose crimes were committed on or after October 1, 2011. (§ 4019, subd. (h).) Because Carrillo committed her crime in March 2011, it does not apply to her. (*People v. Lara* (2012) 54 Cal.4th 896, 906, fn. 9 ["This favorable change in the law does not benefit defendant because it expressly applies only to prisoners who are confined to a local custodial facility *'for a crime committed on or after October 1, 2011*.'"].)

We reject Carrillo's contention that the second sentence of amended section 4019 adds ambiguity to the statute because it fails to explain how to calculate conduct credits for a third group of people—persons who committed a crime prior to October 1, 2011, but served presentence custody on or after October 1, 2011. (§ 4019, subd. (h).)

The language of subdivision (h) of the amended statute is clear and unambiguous. The first sentence of subdivision (h) provides that the amended statute applies "to prisoners who are confined to a county jail . . . for a crime committed on or after October 1, 2011." The second sentence of subdivision (h) simply states that all other individuals are still entitled to earn credit, but under the prior law. (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 52 [second sentence of subdivision (h) "reaffirm[s] that defendants who committed their crimes before October 1, 2011, still have the opportunity to earn conduct credits, just under prior law"]; *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1553 [second sentence of subdivision (h) "does not extend the enhanced rate to any other group, but merely specifies the rate at which all others are to earn conduct credits"].)

Carrillo next argues that a prisoner in custody both before and after October 1, 2011 is just as encouraged to earn good conduct credits as is one whose custody began

3

after that date, so that denying the benefit to one prisoner while granting it to the other violates equal protection principles. We are not persuaded.

The United States Supreme Court and the California Supreme Court have held that applying a statutory change prospectively only does not violate equal protection guaranties. (*Sperry & Hutchinson Co. v. Rhodes* (1911) 220 U.S. 502, 505 [the Fourteenth Amendment "does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time"]; *Califano v. Webster* (1977) 430 U.S. 313, 321 ["Congress may replace one constitutional computation formula with another and make the new formula prospective only."]; *People v. Floyd* (2003) 31 Cal.4th 179, 188–191 [rejecting equal protection challenge to prospective-only application of proposition that lessened punishment for offense].) Following this reasoning, California appellate courts have held that awarding conduct credits at different rates to defendants in presentence custody on or after October 1, 2011, based on whether they committed their offenses before that date or on or after that date, does not violate their equal protection rights. (*People v. Verba* (2012) 210 Cal.App.4th 991, 994–997; *Rajanayagam*, *supra*, 211 Cal.App.4th at p. 55; *People v. Kennedy* (2012) 209 Cal.App.4th 385, 397–400; *People v. Ellis*, *supra*, 207 Cal.App.4th at pp. 1551–1553.)

As the *Rajanayagam* court explained, "the Legislature took a measured approach and balanced the goal of cost savings against public safety. The effective date was a legislative determination that its stated goal of reducing corrections costs was best served by granting enhanced conduct credits to those defendants who committed their offenses

4

on or after October 1, 2011.  To be sure, awarding enhanced conduct credits to everyone in local confinement would have certainly resulted in greater cost savings than awarding enhanced conduct credits to only those defendants who commit an offense on or after the amendment's effective date.  But that is not the approach the Legislature chose in balancing public safety against cost savings."  (*Rajanayagam*, *supra*, 211 Cal.App.4th at pp. 55–56.)  We agree and conclude that Carrillo's equal protection rights were not violated.

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

NARES, J.