Filed 9/12/16  P. v. McCarty CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C080791 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF101311) |
| v. | |
| DENNY GENE McCARTY, | |
| Defendant and Appellant. | |

Defendant Denny Gene McCarty appeals from the trial court's order denying his Penal Code[1] section 1170.18 petition for resentencing.  He contends that he was entitled to relief as to his prison prior because the prior conviction underlying that enhancement had been reduced to a misdemeanor in a separate section 1170.18 proceeding.  We affirm.

BACKGROUND

We omit the facts of defendant's crime as they are unnecessary to resolve this appeal.

---

[1]    Undesignated statutory references are to the Penal Code.

1

In April 2011, defendant pled no contest to assault with a deadly weapon and admitted personally inflicting great bodily injury, strike, and prior prison term enhancements. The prison prior was based on a 2000 Yuba County conviction for receiving stolen property. Defendant was sentenced to a stipulated state prison term of 10 years.

In May 2015, the Yuba County prior was reduced to a misdemeanor pursuant to a section 1170.18 proceeding in that county.

Defendant subsequently filed a section 1170.18 petition seeking relief as to the prison prior. The trial court denied the petition.

DISCUSSION

Defendant contends that his prison prior should have been stricken because the felony underlying the prison prior was reduced to a misdemeanor pursuant to section 1170.18.[2] We disagree.[3]

The passage of Proposition 47, the Safe Neighborhoods and Schools Act (the Act), created section 1170.18, which provides in pertinent part: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had

---

[2] This issue is currently before the California Supreme Court. (See, e.g., *People v. Valenzuela* (2016) 244 Cal.App.4th 692, review granted Mar. 30, 2016, S232900; *People v. Carrea* (2016) 244 Cal.App.4th 966, review granted Apr. 27, 2016, S233011.)

[3] Defendant's petition did not directly attack the prison prior, but instead mentioned the felony underlying that prior and attached a letter from the public defender's office stating that the receiving prior had been reduced to a misdemeanor. Although the trial court's reason for the denial, that defendant's conviction for assault with a deadly weapon did not qualify for resentencing, does not address the prison prior, we shall nonetheless consider defendant's claim because defendant prepared his section 1170.18 petition without the assistance of counsel, the petition brought the status of the felony underlying the prior to the court's attention, and because defendant's claim on appeal raises a purely legal question.

this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." (§ 1170.18, subd. (k) (subdivision (k)).) Since the prior prison term enhancement requires that defendant be convicted of a felony and have served a prison term for that conviction (§ 667.5, subd. (b)), this raises the question of whether a prior prison term enhancement based on what would now qualify as a misdemeanor conviction survives the Act.

Defendant argues that the Act's "proponents clearly envisioned retroactive relief for those who qualified" by allowing a person who has completed his or her sentence to petition to reduce the crime to a misdemeanor. (§ 1170.18, subds. (f), (g).) He also contends that retroactive application of section 1170.18 is supported by the retroactivity rule of *In re Estrada* (1965) 63 Cal.2d 740. Relying on *People v. Park* (2013) 56 Cal.4th 782, defendant claims that, pursuant to subdivision (k), the receiving stolen property conviction underlying his prior prison term enhancement must be treated as a misdemeanor "for all purposes," thereby invalidating the prison prior. He also asserts that retroactive application of a change in the law reducing a crime to a misdemeanor to bar imposition of an enhancement is consistent with *People v. Flores* (1979) 92 Cal.App.3d 461. Finally, defendant claims that failing to strike the prison prior would deny him equal protection.

"In interpreting a voter initiative, we apply the same principles that govern our construction of a statute. [Citation.] We turn first to the statutory language, giving the words their ordinary meaning. [Citation.] If the statutory language is not ambiguous, then the plain meaning of the language governs. [Citation.] If, however, the statutory language lacks clarity, we may resort to extrinsic sources, including the analyses and arguments contained in the official ballot pamphlet, and the ostensible objects to be achieved. [Citations.]" (*People v. Lopez* (2005) 34 Cal.4th 1002, 1006.)

We begin by noting that section 1170.18 does not apply retroactively. Subdivision (k) was interpreted in the context of felony jurisdiction over criminal appeals in *People v. Rivera* (2015) 233 Cal.App.4th 1085. *Rivera* found that subdivision (k), which parallels the language from section 17 regarding the reduction of wobblers to misdemeanors,[4] should be interpreted in the same way as being prospective, from that point on, and not for retroactive purposes. (*Rivera*, at p. 1100; see also *People v. Moomey* (2011) 194 Cal.App.4th 850, 857 [rejecting assertion that assisting a second degree burglary after the fact does not establish the necessary element of the commission of an underlying felony because the offense is a wobbler: "Even if the perpetrator was subsequently convicted and given a misdemeanor sentence, the misdemeanant status would not be given retroactive effect"].) The court in *Rivera* accordingly concluded that the felony status of an offense charged as a felony did not change after the Act was passed, thereby conferring jurisdiction on the Court of Appeal.[5] (*Rivera*, at pp. 1094-

---

[4]    Section 17, subdivision (b) states in pertinent part: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: . . ."

[5]    *Rivera* also noted the absence of any evidence that the voters wanted to go beyond directly reducing future and past punishment for convictions under the six included offenses. (*People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1100 ["Nothing in the text of

4

1095, 1099-1101.)  We see no reason to depart from *Rivera*.  Although *Rivera* addressed subdivision (k) in a different context, its analysis of subdivision (k) is equally relevant here.

Our interpretation of subdivision (k) is consistent with the Supreme Court's treatment of an analogous provision in *Park*.  The Supreme Court held in *Park* that a felony conviction properly reduced to a misdemeanor under section 17, subdivision (b) could not subsequently be used to support an enhancement under section 667, subdivision (a).  (*People v. Park*, *supra*, 56 Cal.4th at p. 798.)  Applying the reduction to eliminate an enhancement would be a retroactive application, which is impermissible under both section 17 and the Act.  The distinction between retroactive and prospective application was recognized by the Supreme Court in *Park*.  "There is no dispute that, under the rule in [prior California Supreme Court] cases, [the] defendant would be subject to the section 667, [subdivision] (a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Park*, at p. 802.)  Retroactive versus prospective application was also invoked by the Supreme Court in distinguishing cases cited by the Attorney General.  "None of the cases relied upon by the Attorney General involves the situation in which the trial court has affirmatively exercised its discretion under section 17[, subdivision] (b) to reduce a wobbler to a misdemeanor before the defendant committed and was adjudged guilty of a subsequent serious felony offense." (*Id*. at pp. 799-800.)

*Park* is not the only case where the Supreme Court found that reducing a felony to a misdemeanor pursuant to section 17 is not retroactive.  For example, if a defendant is convicted of a wobbler and is placed on probation without imposition of sentence, the

Proposition 47 or the ballot materials for Proposition 47--including the uncodified portions of the measure, the official title and summary, the analysis by the legislative analyst, or the arguments in favor or against Proposition 47--contains any indication that Proposition 47 or the language of section 1170.18, subdivision (k) was intended to change preexisting rules regarding appellate jurisdiction"].)

crime is considered a felony "unless subsequently 'reduced to a misdemeanor by the sentencing court' pursuant to section 17, subdivision (b)." (*People v. Feyrer* (2010) 48 Cal.4th 426, 438-439.) "If ultimately a misdemeanor sentence is imposed, the offense is a misdemeanor from that point on, but not retroactively." (*Id*. at p. 439.) It has therefore long been the rule regarding section 17 that "as applied to a crime which is punishable either as felony or as misdemeanor: 'the charge stands as a felony for every purpose up to judgment, and if the judgment be felonious in that event it is a felony after as well as before judgment; but if the judgment is for a misdemeanor it is deemed a misdemeanor for all purposes thereafter--the judgment not to have a retroactive effect . . . .' " (*People v. Banks* (1959) 53 Cal.2d 370, 381-382, quoting *Doble v. Superior Court* (1925) 197 Cal. 556, 576-577.)

"Where, as here, legislation has been judicially construed and a subsequent statute on the same or an analogous subject uses identical or substantially similar language, we may presume that the Legislature intended the same construction, unless a contrary intent clearly appears." (*Estate of Griswold* (2001) 25 Cal.4th 904, 915-916.) "Generally, the drafters who frame an initiative statute and the voters who enact it may be deemed to be aware of the judicial construction of the law that served as its source." (*In re Harris* (1989) 49 Cal.3d 131, 136.)

The drafters of Proposition 47 and the voters knew that section 17, which contained the "for all purposes" phrase found in subdivision (k), had been consistently interpreted by the Supreme Court so as not to give retroactive effect to provide an action reducing a wobbler from a felony to a misdemeanor. Defendant does not give any reason to depart from a similar construction of the essentially identical operative text of subdivision (k).

Neither *Flores* nor *Estrada* supports a different interpretation of the Act. The defendant in *Flores* was sentenced to prison following his conviction of selling heroin (Health & Saf. Code, § 11352), and his state prison sentence for that crime was enhanced

6

by one year for a prior prison term. (*People v. Flores*, *supra*, 92 Cal.App.3d at pp. 464, 470.) The enhancement was based on a prior felony conviction of possession of marijuana under Health and Safety Code section 11357. (*Flores*, at p. 470.) That statute had since been amended in 1975 to make possession of marijuana a misdemeanor. (*Ibid.*)

The *Flores* court noted that in 1976, the Legislature enacted Health and Safety Code section 11361.5, subdivision (b), which "authorize[d] the superior court, on petition, to order the destruction of all records of arrests and convictions for possession of marijuana, held by any court or state or local agency and occurring prior to January 1, 1976." (*People v. Flores*, *supra*, 92 Cal.App.3d at p. 471.) Also in 1976, Health and Safety Code section 11361.7 "was added to provide in pertinent part that: '(a) Any record subject to destruction . . . pursuant to Section 11361.5, or more than two years of age, or a record of a conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 which became final more than two years previously, shall not be considered to be accurate, relevant, timely, or complete for any purposes by any agency or person . . . . (b) No public agency shall alter, amend, assess, condition, deny, limit, postpone, qualify, revoke, surcharge, or suspend any certificate, franchise, incident, interest, license, opportunity, permit, privilege, right, or title of any person because of an arrest or conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 . . . on or after the date the records . . . are required to be destroyed . . . or two years from the date of such conviction . . . with respect to . . . convictions occurring prior to January 1, 1976.' " (*Flores*, at pp. 471-472, italics omitted.) Based on these amendments, the court concluded that "the Legislature intended to prohibit the use of the specified records for the purpose of imposing any collateral sanctions," such as the prior prison term enhancement. (*Id.* at p. 472.)

*Flores* is inapposite because there is no similar declaration of legislative intent for full retroactivity either in the Act generally or section 1170.18 in particular. If the Act's

7

drafters wanted to invalidate prior prison term allegations because the underlying felony was now a misdemeanor, they could have included legislative language like that discussed in *Flores*. They did not.

Defendant's reliance on *Estrada* fares no better. *Estrada* held that if an amended statute mitigates punishment, the amendment will operate retroactively to impose the lighter punishment unless there is a saving clause. (*In re Estrada*, *supra*, 63 Cal.2d at p. 748.) The reason for this rule was that " '[a] legislative mitigation of the penalty for a particular crime represents a legislative judgment that the lesser penalty or the different treatment is sufficient to meet the legitimate ends of the criminal law.' " (*Id*. at p. 745.) While the electorate intended to reduce penalties for crimes when it passed the Act, it did so only for those crimes the Act specifically covers. Retroactivity is limited to the procedures set forth in section 1170.18, which in turn applies to the offenses specifically addressed by the Act. The prior prison term enhancement is not one of those provisions, and therefore is not subject to the Act's retroactive application.

The provisions allowing a defendant who has already served his term to petition for relief does not support defendant's position. Section 1170.18 allows a defendant who has completed the sentence for a crime covered by the Act to apply to have that conviction reduced to a misdemeanor. (§ 1170.18, subds. (f), (g).)[6] This does not expand the criminal laws covered by the Act and therefore does not apply to a sentence that a defendant is currently serving, like defendant's sentence in this case. It is simply irrelevant to the question before us.

---

**6**    Section 1170.18 states in pertinent part: "(f) A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors. [¶]  (g) If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

We also reject defendant's final claim, that failing to apply section 1170.18 retroactively to invalidate his prison prior violates equal protection because a defendant sentenced after the Act's effective date would not be subject to a prison prior based on a felony that was reduced to a misdemeanor by the Act.

Whether a legislative body can limit the retroactive application of a change in the law reducing punishment for crime is a long settled question. "[T]he 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time." (*Sperry & Hutchinson Co. v. Rhodes* (1911) 220 U.S. 502, 505 [55 L.Ed. 561, 563].) This also applies to changes in sentencing law that benefit defendants. "Defendant has not cited a single case, in this state or any other, that recognizes an equal protection violation arising from the timing of the effective date of a statute lessening the punishment for a particular offense. Numerous courts, however, have rejected such a claim--including this court." (*People v. Floyd* (2003) 31 Cal.4th 179, 188.)

Since the Act does not apply retroactively to prison priors, defendant is not entitled to relief.

DISPOSITION

The judgment (order) is affirmed.

/s/_____<br>Robie, J.

We concur:


/s/_____
Nicholson, Acting P. J.


/s/_____
Hoch, J.